UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY L. NOTTINGHAM

      Plaintiff,

v.                                        Case No: 6:16-cv-2050-Orl-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff Mary L. Nottingham seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), sentence four.[1]

### I. Issues on Appeal[2]

Plaintiff raises three issues[3] on appeal: (1) whether the residual functional capacity ("RFC") findings of the Administrative Law Judge ("ALJ") are supported by

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 13,17.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[3] For clarity and judicial efficiency, the Court will discuss Plaintiff's issues in a different order than presented in her brief.

substantial evidence and whether the ALJ developed a full and fair record; (2) whether the ALJ properly assessed Plaintiff's severe impairments; and (3) whether substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

## II. Summary of the ALJ's Decision

Plaintiff was 64 years old at the time of the hearing before ALJ Stephen Calvarese on November 5, 2015. Tr. 60, 64. Plaintiff alleged disability due to pain in her back, leg and neck and severe depression. Tr. 209. On November 24, 2015, the ALJ issued a decision finding Plaintiff not disabled from April 5, 2013, the alleged disability onset date, through the date of the decision. Tr. 19-29. In his decision, at step two of the sequential process,[4] the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumber spine and obesity and non-severe impairments of hypertension, mild chronic kidney disease, an affective disorder and an anxiety-related disorder. Tr. 21. In doing so, the ALJ found that Plaintiff had mild limitations in activities of daily living, social functioning and concentration, persistence or pace, and no episodes of decompensation. Tr. 22-23. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Tr. 23. Prior to step four, the ALJ then determined that during the relevant period Plaintiff had the RFC to perform light work[5] with additional physical restrictions. Tr. 24. Next, at step

---

[4] The sequential evaluation process is described in the ALJ's decision. Tr. 19-21.

[5] The regulations define light work as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or

four the ALJ found that Plaintiff could perform her past relevant work as a supervisory cashier as generally performed. Tr. 27-28. As a result, he found Plaintiff was not disabled. Tr.28-29.

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 9 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[6] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

---

    standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

  [6] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1290 (11th Cir. 2017) (declining to apply SSR 16-3p retroactively to the ALJ's decision); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan,* 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan,* 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

### a. Plaintiff's RFC and the ALJ's development of the record

Plaintiff argues the ALJ failed to adequately consider all "pertinent medical evidence" when considering Plaintiff's RFC and to properly consider and weigh the medical opinions of record, specifically records from Plaintiff's treating physician, Morphan Sharma, M.D., and nerve conduction studies ordered by Plaintiff's neurologist, Jeffrey S. Corak, M.D. Doc. 23 at 8-18. Plaintiff asserts the ALJ had an affirmative duty to obtain these records and erred by failing to do so. *Id.* The Commissioner responds Plaintiff has not shown a violation of her due process rights

or demonstrated clear prejudice. Doc. 24 at 5-9. Based on the admittedly scant evidence available to the ALJ and because the additional evidence, if considered, may have changed the ALJ's decision, the Court finds that remand is required.

Manuel Crisanto, M.D., was Plaintiff's primary care physician who treated her at Deltona Medical Center from 2008 through March 2013 for her medical conditions, including her depression. Tr. 213, 333-375. Plaintiff testified she sought treatment from Dr. Sharma for her anxiety and other general medical issues following her treatment with Dr. Crisanto because of insurance coverage issues. Tr. 76-81; *see* Tr. 247, 397-415 (records of colonoscopy and other tests ordered by Dr. Sharma in from July to November 2014), 430-32 (record of neurologic consultation referred by Dr. Sharma in October 2015). At the hearing, Plaintiff's counsel informed the ALJ that he anticipated getting "some updates" from Dr. Sharma "imminently," and while he expected them in time for the hearing, he did not anticipate it would take "more than a few days" to receive them. Tr. 63. The ALJ responded:

> Okay. What I normally do is I don't leave the record open for any specific length of time. But I will promise you that if I receive the documents before I decide the case, I'll definitely consider them.

*Id.* The ALJ issued his opinion on November 24, 2015, 19 days after the hearing. It is undisputed there were no treatment records from Dr. Sharma in the record before the ALJ nor later before the Appeals Council. *See generally* record. As noted, however, there are other medical records from medical providers referred by Dr. Sharma. *See* Tr. 247, 397-415, 430-32.

Plaintiff testified she experiences numbness and tingling in her hands when they are stationary. Tr. 25, 84-85. She uses a cane when she leaves her home. Tr. 85. In October 2015, Jeffrey S. Corak, M.D conducted a consultative neurological examination, noting Plaintiff' complained of a two-year history of numbness and tingling in her fingers and feet. Tr. 431. Dr. Corak opined that Plaintiff's complaints of numbness and tingling in her fingers and her feet "may be the result of peripheral and/or compressive neuropathies." Tr. 432. He recommended further evaluation in one month, after the nerve conduction studies. *Id.* There are no records, however, the nerve studies were completed; nor are there any additional records from Dr. Corak. *See generally* record. The ALJ discussed Dr. Corak's examination, noting Plaintiff had "normal strength and sensation throughout" and her gait was normal. Tr. 26. He also acknowledged Dr. Corak's opinion and that he had recommended nerve conduction studies. *Id.*

The ALJ based decision his in part on Plaintiff's infrequent trips to the doctor and limited medical evidence of record for the relevant time period. *Id.* He further noted:

> the record does not contain any opinions from treating or examining physicians indicating that [Plaintiff] is disabled or even has limitations greater than those determined in this decision. The above [RFC] assessment is supported by the level of care [Plaintiff] has received and the results of diagnostic testing and fairly benign neurological and musculoskeletal assessments and examinations of record as detailed above.

Tr. 27. The problem with this conclusion is the last medical record from Dr. Crisanto was in March 2013, *prior to* Plaintiff's alleged onset date. Tr. 371. Plaintiff

testified she began seeing Dr. Sharma after Dr. Crisanto because of insurance problems. Tr. 79-80. But there are no records from Dr. Sharma in the file. Only reports from physicians referred by him, all dated during the relevant time period, 2014 to 2015. The ALJ was made aware that additional records existed. Tr. 63, 78-81. Nonetheless, he issued his opinion without waiting for or requesting those treatment records. This was error.

It is well established that the ALJ has a duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Graham v. Apfel,* 129 F.3d 1420, 1422-23 (11th Cir. 1997) (the ALJ has an affirmative duty to develop the record fully and fairly). The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).

In determining whether the ALJ properly developed the record, the Court is "guided by whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Graham*, 129 F.3d at 1423 (citing *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995)). If the record was sufficient for the ALJ to evaluate Plaintiff's impairments and functional abilities and does not show the kind of gaps in the evidence necessary to demonstrate prejudice, there is no error and the Commissioner's decision must stand. *See id.* Instead, the claimant must make "a showing of prejudice before [the court] will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the

[ALJ] for further development of the record." *Brown*, 44 F.3d at 935. "[The] claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing." *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (citing *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). Prejudice is shown when "the ALJ did not have all the relevant evidence before him or did not consider the evidence in reaching his decision." *Id.* (citing *Kelley*, 761 F.2d at 1540).

The Commissioner asserts that the medical record contains treatment and progress records and examination reports from January 2010 to October 2015, and "[t]here is no proof that recent records from Dr. Sharma would show Plaintiff is more limited that what the evidence of record from 2014 [] already shows." Doc. 24 at 6. The latter records the Commissioner cites to, however, are the tests ordered by Dr. Sharma and the report of Dr. Corak, ordering additional tests. Tr. 412-14, 431. But the ALJ did not have *any* records of Dr. Sharma before him to evaluate the results of the tests Dr. Sharma ordered. Likewise, there is no record of the nerve conduction studies ordered by Dr. Corak.

Here, although the ALJ was made aware of the missing records, he failed either to direct Plaintiff to obtain the records or obtain these records on his own before reaching a decision. Instead, the ALJ relied on the lack of evidence and supporting documentation to determine that Plaintiff did not suffer from a disability. Tr. 26-27. This prejudiced Plaintiff. *Kelley*, 761 F.2d at 1540. It is indisputable that the ALJ is required to consider "all relevant evidence of a claimant's remaining ability to

do work despite his impairments," when determining a claimant's RFC. *See* 20 C.F.R. § 404.1545(a); *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Here, because the ALJ did not review potentially critical evidence during the relevant time frame, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence.

### b. *Plaintiff's remaining arguments*

Plaintiff also argues the ALJ erred by failing to properly assess her severe impairments and her credibility. Doc. 23 at 6-8, 18-20. Because this case must be remanded to obtain and consider records from Drs. Sharma and Corak, the Court will direct the ALJ to re-evaluate the severity of Plaintiff's impairments and her credibility.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to:

> A. Obtain and review the records from Morphan Sharma, M.D., and any nerve conduction studies ordered by Jeffrey S. Corak, M.D., consider these records in conjunction with all of Plaintiff's medical records and determine the weight to be given to such evidence and the reasons therefor;
>
> B. Re-assess the severity of Plaintiff's alleged impairments;
>
> C. Re-evaluate Plaintiff's credibility; and
>
> B. Conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record